1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  TROYCE ERIC JACKSON,                    1:07-CV-01066 OWW DLB HC

10                      Petitioner,        FINDINGS AND RECOMMENDATION
                                           REGARDING RESPONDENT'S MOTION TO
11        v.                               DISMISS

12                                         [Doc. 8]
   LYDIA HENSE,
13
                       Respondent.
14  _____/

15
16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18                                   BACKGROUND

19        Petitioner was convicted of forcible rape.  The court found true three prior prison term

20  enhancements and allegations that Petitioner had two prior convictions within the meaning of the

    three strikes law.  He was sentenced to an indeterminate state prison term of 38 years to life.
21
    (Lodged Doc. Nos. 1-2.)
22
          On February 13, 2003, the California Court of Appeal, Fifth Appellate District, struck the
23
    two five-year serious felony enhancements imposed by the trial court and reduced Petitioner's
24
    sentence from 38 years to life to 28 years to life.  As modified, the judgment was affirmed.
25
    (Lodged Doc. No. 2.)  Petitioner did not seek review in the California Supreme Court.
26
          Petitioner subsequently filed seven pro se state post-conviction collateral challenges.
27
28

1

1    The first petition was filed on April 12, 2004[1], in the California Court of Appeal, Fifth

2    Appellate District.  (Lodged Doc. No. 3.)  The petition was denied on April 29, 2004.  (Lodged

3    Doc. No. 4.)

4    The second petition for writ of habeas corpus was filed on July 13, 2004[2], in the Fresno

5    County Superior Court, and denied on September 1, 2004.  (Lodged Doc. Nos. 5-6.)

6    The third petition for writ of habeas corpus was filed in the California Court of Appeal,

7    Fifth Appellate District on September 28, 2004, and denied on September 30, 2004.  (Lodged

8    Doc. Nos. 7-8.)

9    The fourth petition for writ of habeas corpus was filed in the California Supreme Court

10   on October 25, 2004, and denied on October 12, 2005.  (Lodged Doc. Nos. 9-10.)

11   The fifth petition for writ of habeas corpus was filed in the Fresno County Superior Court

12   on January 8, 2006, and denied on January 26, 2006.  (Lodged Doc. Nos. 11-12.)

13   The sixth petition for writ of habeas corpus was filed in the California Court of Appeal,

14   Fifth Appellate District on June 26, 2006, and denied on August 17, 2006.  (Lodged Doc. Nos.

15   13-14.)

16   The seventh petition for writ of habeas corpus was filed in the California Supreme Court

17   on September 15, 2006, and denied on April 18, 2007, citing In re Robbins, 18 Cal.4th 770, 780

18   (1998).  (Lodged Doc. No. 16.)

19   Petitioner filed the federal petition for writ of habeas corpus in this Court on July 25,

20   2007.

21   Respondent filed the instant motion to dismiss on September 28, 2007.  (Court Doc. 8.)

22

23   [1] The first state petition is signed and dated April 12, 2004.  Accordingly, under the mailbox rule, the Court
assumes that Petitioner delivered the petition to prison authorities for mailing on the date it is signed.  See Rule 3(d)

24   of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose
prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of

25   court).  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000
amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions

26   with respect to calculating the statute of limitations under the AEDPA.

27   [2] The second state petition is signed and dated December 17, 2003.  However, the petition contains a proof
of service dated July 8, 2004.  As Respondent submits and for the reasons explain infra, it is reasonable to assume

28   that Petitioner gave the petition to prison authorities for mailing on July 8, 2004, and not nearly seven months before,
on December 17, 2003.  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

1  Petitioner filed an opposition on November 26, 2007, and Respondent filed a reply on December
2  11, 2007.  (Court Docs. 15, 16.)

3                                                   DISCUSSION

4  A.      Procedural Grounds for Motion to Dismiss

5          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
6  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
7  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254
8  Cases.

9          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
10  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
11  the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
12  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
13  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
14  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
15  (E.D. Cal. 1982) (same).  Thus, a Respondent can file a motion to dismiss after the court orders a
16  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.
17  Supp. at 1194 & n. 12.

18          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
19  2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in
20  procedural standing to a motion to dismiss for failure to exhaust state remedies or for state
21  procedural default and Respondent has not yet filed a formal answer, the Court will review
22  Respondent's motion to dismiss pursuant to its authority under Rule 4.

23  B.      Limitation Period for Filing a Petitioner for Writ of Habeas Corpus

24          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
25  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for
26  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117
27  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert.
28  denied, 118 S.Ct. 586 (1997).

In this case, the petition was filed on July 25, 2007, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, on February 13, 2003, the California Court of Appeal, Fifth Appellate District, struck the two five-year serious felony enhancements imposed by the trial court and reduced Petitioner's sentence from 38 years to life to 28 years to life.  As modified, the judgment was affirmed.  (Lodged Doc. No. 2.)  Petitioner did not seek review with the California Supreme Court.  According to the Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of finality, i.e. March 25, 2003.  Cal.R.Ct. 24(a), 28(b) (renumbered to rule 8.500(e)(1); Smith v. Duncan, 297 F.3d 809 (9th Cir.  2002).  Thus, Petitioner had one year from March 26, 2003, in which to file his federal Petition for Writ of Habeas Corpus.  See Kelly, 127 F.3d at 784; see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal

1  Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year

2  limitations period.)  Thus, the last day to file a federal petition was on March 25, 2004, plus any

3  time for tolling.

4  C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

5       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

6  application for State post-conviction or other collateral review with respect to the pertinent

7  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

8  U.S.C. § 2244(d)(2).

9       Here, Petitioner did not file any of the state post-conviction petitions with respect to the

10  pertinent judgment or claim, within the limitations period.  Accordingly, Petitioner is not entitled

11  to statutory tolling.

12       In his opposition, Petitioner contends that he filed *eight* state post-conviction petitions.

13  Specifically, Petitioner contends that on December 17, 2003, he filed a state petition for writ of

14  habeas corpus in the Fresno County Superior Court.  (Opposition, at p.2.)  However, as

15  Respondent submits in her reply, this petition is listed as the second state post-conviction petition

16  filed by Petitioner.  The petition included a signature date of December 17, 2003, however the

17  petition contained a proof of service dated July 8, 2004.  (Lodged Doc. No. 5.)  As Respondent

18  argues, it is reasonable to assume that Petitioner gave the petition to prison authorities for

19  mailing on July 8, 2004, and not almost seven months before, on December 17, 2003.  Rule 3(d)

20  of the Federal Rules Governing Section 2254 Cases.  Contrary to Petitioner's claim, the Fresno

21  County Superior Court does not have a record of a petition in case number 04CRWR67707 being

22  filed on December 17, 2003; rather, it was filed on July 13, 2004.  There is simply no evidence,

23  beyond Petitioner's self-serving declaration that he filed the petition in the Fresno County

24  Superior Court on December 17, 2003.  To the contrary, all the evidence supports the finding that

25  although the petition was self-dated December 17, 2003, it was not received and filed by the

26  Superior Court until July 13, 2004.

27       As explained, the statute of limitations commenced on March 26, 2003, and expired on

28  March 25, 2004.  Because Petitioner did not file the instant federal petition until July 25, 2007, it

5

is clearly untimely by over three years and is barred under § 2244(d).  Petitioner's post-conviction collateral petitions do not serve to toll the limitations period because they were all filed after the limitations period expired.  More specifically, the first petition was filed on April 12, 2004, under the mailbox rule.  However, the statute of limitations expired on March 25, 2004.  Consequently, the first through seven state petitions do not toll the limitations period. (Lodged Doc. Nos. 3-16.)  It is well-established that the filing of a state collateral action after expiration of the limitations period does not restart the clock at zero or otherwise save a claim from being time-barred.  In other words, once the statute has run, a collateral action cannot revive it.  Jiminez v. Rice, 276 F.3d 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

In addition, as Respondent correctly submits, the intervals between the first and second state habeas petitions, as well as the fourth and fifth state habeas petitions, would not be tolled because Petitioner was moving "down the ladder" rather than properly ascending to the next state appellate level.  Delhomme v. Ramirez, 340 F.3d 817, 821 n.3 (9th Cir. 2003); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003); Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).[3] Moreover, the seventh petition was explicitly found to be untimely by the state court, as it was denied with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998), a well-known case in which the petition was rejected for untimeliness.  (Lodged Doc. No. 16.)  Accordingly, the seventh petition was not properly filed and therefore has no tolling effect.  Pace v. DiGuglielmo, 544 U.S. 408 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (finding that a California state court's citation to Robbins, 18 Cal.4th at 780, is a "clear ruling" of untimeliness).  In short, even if the Court granted tolling and assumed that he filed a petition in Fresno County Superior Court on December 17, 2003, the petition

[3] Although in Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), the Ninth Circuit permitted tolling even though the petitioner had failed to proceed in an orderly fashion to the next highest appellate state court, that decision was later withdrawn.  See 417 F.3d 1050, amended 447 F.3d 1165 (9th Cir. 2006).

6

would still be untimely.  With the benefit of the mailbox rule, 267 days ran before filing the first

petition (March 26, 2003 to December 17, 2003), 70 days ran from the denial of the first petition

to the filing of the second petition (April 29, 2004 to July 8, 2004), 69 days ran from the denial of the

fourth petition to the filing of the fifth petition (October 12, 2005 to December 20, 2005), and

an additional 88 days ran from the denial of the last state habeas corpus petition to the filing of

the instant petition (April 19, 2007 to July 15, 2007).

D.    Equitable Tolling

       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

(9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert.

denied, 522 U.S. 814 (1997).  Petitioner bears the burden of alleging facts that would give rise to

tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

Enters., 5 F.3d 391, 395 (9th Cir.1993).

       Mental incompetency, if proven, may equitably toll the statute of limitations as an

extraordinary circumstance beyond a prisoner's control.  Kelly, 163 F.3d at 541.  However, the

mere demonstration of mental illness is insufficient, alone, to justify tolling the limitations

period, as it must be established that the "illness in fact prevents the sufferer from managing his

affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77

F.3d 189, 191 (7th Cir. 1996).  Accordingly, if a prisoner asserts that the limitations should be

equitably tolled based on mental illness, he must demonstrate that the illness actually rendered

him unable to file the federal petition within the limitations period.  See id. at 192; see also

Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (equitable tolling will only be granted if

"'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition

on time") (citation omitted).

       In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (reversed en banc on other grounds

295 F.3d 1046 (2002)), the Ninth Circuit concluded that a petitioner "must show that the

7

'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." The Ninth Circuit recently affirmed this rule in <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005). There, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate." <u>Id</u>.

In his opposition, Petitioner contends that he is entitled to equitable tolling due to the fact that he suffers from a mental illness and that he received ineffective assistance from his appellate counsel.

Petitioner contends that the evidence submitted in the form of psychiatrist reviews over the past few years substantiates his claim of a mental illness. Petitioner states that he has provided the documents which support the relevant dates of the statute of limitations. As Respondent correctly argues, Petitioner provides no specific details of his claim. Nor does he indicate how his mental health disorders affected his functioning; the severity of his disability; the effect of any medication he may have been prescribed, or the limitations that he suffered as a consequence of the mental health illness. The documents Petitioner attaches to his opposition, as Exhibit D, cover a period of time that occurred before the one-year statute of limitations, and thus, are of no significance.[4]  In fact, Petitioner offers only one page of documentation demonstrating his mental health status during the relevant time period of March 25, 2003 through March 25, 2004. (Opposition, Exhibit D, at p.2.)  However, this document only indicates that Petitioner was prescribed Trozodone and Benadryl and was experiencing no side effects from the medication. (<u>Id</u>.)  The documentation attached to Petitioner's opposition indicates that he was never given impatient status, placed in the crisis bed, or put on enhanced outpatient status. Rather, Petitioner remained in the general population under the mental health care at the Clinical Case Management level of care. (Opposition, at pp. 6, 10.)

In addition, Petitioner's claim is belied by the fact that during the running of the statute of limitations, Petitioner was able to file a letter to appellate counsel on November 13, 2003.

---

[4] The fact that Petitioner may have been suffering from some form of mental health issue in 2002, prior to the running of the statute of limitations does not excuse the failure to file a timely petition years later.

1    Moreover, appellate counsel specifically wrote a letter to Petitioner on February 16, 2003,

2    approximately one month prior to the start of the limitations period, in which she advised

3    Petitioner that he could file a petition for review; however, she advised against doing so.

4    (Opposition, Exhibit E, at p.1.)  Appellate counsel wrote again on December 8, 2003, advising

5    Petitioner that the limitations period expired on March 14, 2004.  (Id. at p.2.)  In addition, on

6    December 4, 2003, in response to Petitioner's letter dated November 13, 2003, the Central

7    California Appellate Program wrote a letter to Petitioner again advising that there was a one-year

8    statute of limitations for pursuing relief in federal courts, and instructing Petitioner on the state

9    procedure for filing state habeas corpus petitions.  (Opposition, Exhibit E, at p.3-4.)  Moreover,

10   Petitioner's claim that he filed his first petition in the Fresno County Superior Court on

11   December 17, 2003 (during the running of the limitations period of which there is no record),

12   further negates that the alleged mental illness hindered his ability to file a timely petition.  As

13   Petitioner was of clear mind to write letters to not only appellate counsel, but also the Central

14   California Appellate Program on November 13, 2003, during the running of the statute of

15   limitations, his claim of incompetence based on his mental illness is strongly negated.  In sum,

16   Petitioner has failed to met his burden in establishing that his mental health status was an

17   "extraordinary circumstance" preventing the timely filing of the instant petition.

18       Petitioner contends that this case is akin to the circumstances present in Laws v.

19   Lamarque, 351 F.3d 919 (9th Cir. 2003).  There, the Ninth Circuit Court of Appeals remanded the

20   case back to the district court for further development on the prisoner's claim for equitable

21   tolling due to mental incompetence.  However, distinguishable from the instant case, in Laws

22   neither party submitted medical records bearing on the prisoner's claim of mental incompetence.

23   Laws, 351 F.3d at 923.  Without any evidence whatsoever in the record, the Ninth Circuit

24   remanded the case to the district court for further factual development.  Id. at 923-924.  Here, as

25   Petitioner states in his opposition, he "has provided . . . an abridged assortment [of medical

26   documents] that is relevant to the dates of interest in this matter."  (Opposition, at p.9.)  As

27   previously stated, the evidence submitted by Petitioner is either inconsequential or insufficient to

28   support his claim that his mental health was an "extraordinary circumstance" which prevented

9

1   the timely filing.  In sum, Petitioner has not made a substantial showing of mental illness to
2   warrant further factual development of the record.

3        Second, Petitioner's claim that the delay in filing the instant petition was due to
4   incompetence on the part of appellate counsel, is likewise without merit.  Counsel's
5   incompetence does not equitably toll the statute because Petitioner had no right to legal
6   assistance when pursuing review of his appeal in the California Supreme Court.  See
7   Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("the right to appointed counsel extends to the
8   first appeal of right, and no further"); Ross v. Moffett, 417 U.S. 600, 610 (1974) (no right to
9   counsel on discretionary appeal to the State Supreme Court).  Likewise, Petitioner has no right to
10  competent counsel in connection with seeking federal habeas review following the denial of a
11  petition for review.  See Pennsylvania v. Finley, 481 U.S. at 556; Jeffers v. Lewis, 68 F.3d 299,
12  300 (9th Cir. 1995) (en banc); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993).  As
13  previously stated, Petitioner was specifically advised by letter dated February 16, 2003, that
14  appellate counsel would not be filing a petition for review, as she did not want the California
15  Supreme Court to take a different view from the favorable view of the Fifth District Court of
16  Appeal, which reduced him sentence from 38 year to life to 28 years to life.  (Opposition, Exhibit
17  E, at p.1.)  Petitioner cannot now claim that counsel was ineffective for failing to file a petition
18  for review so as to excuse his delay in filing a timely federal petition.

19       In short, Petitioner has failed to met his burden of proof entitling him to equitable tolling.
20  Pace, 544 U.S. at 408.  Petitioner offers no viable excuse that would warrant the delay of over
21  three years in filing the instant federal petition.

22                              RECOMMENDATION
23       Based on the foregoing, it is HEREBY RECOMMENDED that:
24       1.     The instant petition for writ of habeas corpus be DENIED; and
25       2.     The Clerk of Court be directed to enter judgment in favor of Respondent.
26       This Findings and Recommendation is submitted to the assigned United States District
27  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
28  the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

　　IT IS SO ORDERED.

**Dated:** 　**December 18, 2007**　　　　　　　**/s/ Dennis L. Beck**　　　　
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE